In the Matter of the Accounting of HERMAN GETTNER et al., as Executors and Trustees under the Will of MILES C. RABINOWITZ, Deceased. DORIS H. RABINOWITZ et al., as Administrators C. T. A. of MILES C. RABINOWITZ, Deceased, Appellants; MARIE RABINOWITZ et al., Respondents.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Peck, P. J., Dore, Cohn and Van Voorhis, JJ. [See *ante*, p. 809.]

## (March 18, 1953.)

(Republish.)

MAX EISENBERG, on Behalf of Himself and All Other Stockholders of CENTRAL ZONE PROPERTY CORPORATION, Similarly Situated, v. CENTRAL ZONE REALTY, INC., et al.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Bergan, JJ. [See *ante*, pp. 817, 874.]

## (March 24, 1953.)

ROSINA SANZORO, Appellant, *v.* DOMENICO TASSONE et al., Respondents, et al., Defendants.

*Per Curiam.* We are not in accord with the decision of Special Term on the facts in this case. The mortgage to Walsh was genuine. It was assigned by Walsh in 1935. Defendants Tassone did not get their judgment until 1947. It is difficult to understand how there could have been any conspiracy to defeat defendants' rights as creditors as early as 1935, and we have no proof whatever to show that the judgment debtor paid off the mortgage or held the assignment for any period of time. It is not sufficient to destroy the validity of the assignment or establish its irregularity that the name of plaintiff as assignee appears in carbon, whereas the remainder of the instrument is a ribbon copy.

Nor do we find the plaintiff's story as to having the $2,000 in cash so inherently improbable as to warrant a conclusion that it is false. In any event, there are no facts to support a finding that plaintiff held the assignment as a dummy for the judgment debtor or in his behalf.

The judgment should be reversed, with costs to appellant, and judgment directed in favor of plaintiff for the relief demanded in the complaint.

Peck, P. J., Callahan, Foster and Bergan, JJ., concur in *Per Curiam* opinion; Breitel, J., dissents and votes to affirm.

Judgment reversed, with costs to the appellant, and judgment is directed to be entered in favor of the plaintiff, with costs.